CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 14 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| LAWRENCE SWANSON,<br>Petitioner, | Civil Action No. 7:12-cv-00474 |
| v. | **MEMORANDUM OPINION** |
| KEITH W. DAVIS,<br>Respondent. | By:   Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Lawrence Swanson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and the time for petitioner to respond expired, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as time barred.

## I.

The Circuit Court for the City of Martinsville ("Circuit Court") sentenced petitioner on January 25, 2007, to a seventeen-year active term of imprisonment after petitioner pleaded guilty to multiple drug and conspiracy charges for distributing cocaine. Petitioner did not file an appeal to the Court of Appeals of Virginia but did file a motion to reconsider the sentence with the Circuit Court on March 8, 2007. The Circuit Court denied the motion on March 10, 2007.

On September 30, 2008, petitioner filed his first petition for a writ of habeas corpus with the Supreme Court of Virginia, which dismissed the petition on March 18, 2009. Petitioner filed a second state habeas petition with the Circuit Court on October 14, 2009, which was dismissed on February 1, 2010. Petitioner subsequently filed a petition for a writ of coram vobis with the Circuit Court on January 4, 2011, which was dismissed on January 7, 2011. Petitioner filed his third state habeas petition with the Circuit Court on February 9, 2011, which dismissed the

petition on September 13, 2011. Petitioner filed his fourth state habeas petition with the Supreme Court of Virginia on June 12, 2012, which was dismissed on August 9, 2012. Petitioner filed the instant federal habeas petition on September 27, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on February 26, 2007, when the time expired for petitioner to note an appeal from

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

the Circuit Court to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his first state habeas petition on September 30, 2008, more than 550 days after his conviction became final even if petitioner's motion to reconsider the sentence was a properly-filed motion for post-conviction relief, pursuant to Virginia Code § 19.2-303, that warrants tolling. Accordingly, the limitations period already expired by the time petitioner filed his first state habeas petition, and thus, statutory tolling is not permitted for petitioner's various post-conviction proceedings in state court. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that a state habeas petition cannot revive a limitations period that had already expired).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v.

3

Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, petitioner filed his federal habeas petition more than one year after the convictions became final, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

ENTER: This 14th day of February, 2013.

/s/ Jackson L. Kiser
Senior United States District Judge